IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

VICKE PIKE PATTERSON )
    Plaintiff, )
 )
    v. ) CIV. ACT. NO. 2:16-cv-49-CSC
 ) (WO)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
 )
    Defendant )

**MEMORANDUM OPINION**

## I. Introduction

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2] Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner will be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

to any question, other than step three, leads to a determination of "not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings .

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

> . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was over the age of 55 years at the time of the hearing before the ALJ. She has a General Equivalency Degree ("GED") and three years of college. The plaintiff's prior work experience includes work as a certified nursing assistant, a general office clerk and a home health aide. (R. 41-42). Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "*status post* closed reduction, percutaneous pinning of left distal radius fracture; *status post* left shoulder arthroscopy with debridement and labral repair; *status post* left hip replacement in 2003; osteoarthritis of the left hip; degenerative disc disease of the cervical and lumbar spine, *status post* anterior cervical discectomy and fusion at C4-5 and C5-6 in 1987 and *status post* fusion at U-5 and LS-Sl." (R. 29) (emphasis in original). Nonetheless, the ALJ concluded that the plaintiff was not disabled because she has the residual functional capacity to perform sedentary work for which she "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (R. 45).

**B. The Plaintiff's Claims.** The plaintiff presents three issues for consideration by the court:

(1) The ALJ erred when he found the plaintiff's pain symptoms were not credible and held that the plaintiff was not disabled.

(2) The ALJ erred in finding that there was not significant vocational adjustment to transition into other jobs to meet the medical-vocational guidelines ("grids"); and

(3) The ALJ erred when he substituted his own opinion for that of the vocational expert.

(Doc. # 12, Pl's Br. at 3-4).

## IV. Discussion

**A. Introduction.** A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends; and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ

must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claims.

**B. The Plaintiff's Pain Symptoms.** The plaintiff argues that although the ALJ recognized that she experienced pain, the ALJ's conclusion that the effects of the pain were "inconsistent, exaggerated and not entirely credible" (R. 32) is erroneous because it is inconsistent with the medical evidence. In other words, the plaintiff argues that the ALJ erred when he found her pain symptoms not credible. To evaluate attempts to establish disability through testimony about pain and subjective symptoms, a three-part pain standard is applied. This standard requires (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) evidence that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A reversal of the ALJ's decision is warranted if the decision contains no evidence of the proper application of the

6

three-part standard. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). However, an ALJ only needs to make it apparent that he was mindful of the pain standard when coming to his decision. *Wilson*, 284 F.3d at 1225-26. If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *Id*. The ALJ is not required to specifically refer to every piece of evidence to explain his credibility finding, so long as the decision shows consideration of the claimant's condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

While characterizing application of the pain standard as a "two-step process," the ALJ explicitly recognized the application of the standard. (R. at 30-31). On that score, nothing more is required. Further, after describing in detail inconsistencies in the plaintiff's testimony, the ALJ found that

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some degree of some of the alleged symptoms; however, the claimant's statements (and those of her husband) concerning the intensity, persistence and limiting effects of these symptoms are inconsistent, exaggerated and not entirely credible for the reasons explained in this decision.

(R. 32)

The court has carefully reviewed the record in this case including the medical evidence. The ALJ's opinion reflects a thorough review and consideration

7

of that evidence. Moreover, the ALJ articulated explicit and adequate reasons for rejecting the plaintiff's subjective testimony.

> "On September 25, 2012, in connection with her application for Title II disability benefits, the "claimant provided responses to a "Disability Report-Adult" questionnaire (Exhibit IE). It should be noted at this point that the claimant's responses to the questionnaire were not entirely truthful and that fact has had a significant effect on the evaluation of her credibility in this case. The claimant was asked when she stopped working. She replied, "05/01/2012." She was then asked to state why she stopped working on that date. She replied, "Because of my condition." In this regard, it is also noted that, during a consultative psychological examination on December 28, 2012, the claimant stated that her last employment ended on April 20, 2012, "when she had shoulder surgery and never went back" (Exhibit 9F). Further, during the hearing on February 10, 2014, the claimant initially stated, under oath, that she had stopped working in April because of a torn shoulder and that she had not worked since. In fact, the claimant did not stop working because of her condition. As she subsequently admitted during the hearing, the claimant's last employment at a mental health center ended when she was terminated for striking a patient.
>
> The disability report questionnaire also requested that the claimant state the highest grade of school completed. The claimant responded, "GED." The claimant was then asked if she had completed any type of specialized job training, trade or vocational school. She responded, "No." While it appears that the claimant did obtain a GED after finishing the 10th grade, she subsequently admitted that she had three years of college (Exhibit 9F) and, during the hearing admitted that she had received training for, and was, in fact, a Certified Nursing Assistant.
>
> The fact that the claimant provided inaccurate information on matters integral to determining disability suggests that much of what the claimant has alleged during the course of this case may be similarly unreliable.

(R. 28-29)

In further support of her contentions about pain, the plaintiff argues that because she has suffered from migraine headaches since 2009, "it would be appropriate to infer that there are days in which the Plaintiff suffered migraine headaches but did not visit the emergency room. (Doc. # 12 at 5). The ALJ found that the plaintiff's headaches were not a severe impairment, a finding which the plaintiff does not challenge. Regardless, a close review of the ALJ's opinion shows that he did consider the effects of the plaintiff's headaches in his consideration of the combined effects of her impairments. Other than the plaintiff's own testimony which the ALJ discounted for adequate reasons, there is no evidence that the plaintiff had headaches for which she did not seek medical help.

In short, the ALJ properly considered the effects of the plaintiff's pain on her ability to work. His conclusions are supported by substantial evidence.

**C. Vocational Adjustment.** Here is what the plaintiff argues:

> Here, the Plaintiff meets the age and education requirements for the Grids. Plaintiff was age 55 on the date of her Alleged Onset Date and is a high school graduate by GED. (R. 42, 88). The Plaintiff acquired work skills from past relevant work. (R. 42). The ALJ determined that the exertional level for the Plaintiff would be sedentary. (R. 90-91). However, the ALJ found that the Plaintiff's acquired work skills from past relevant work were transferable to other occupations existing in significant numbers in the national economy. (R. 43). This conclusion was error by the ALJ because Plaintiff is not capable of performing the proposed jobs, and Plaintiff should have been found to be disabled.

(Doc. # 12 at 7)

Patterson argues that because her skills involve medical knowledge she would be required to have significant retraining to perform other jobs. This argument lacks merit. The plaintiff by her own admission at the hearing before the ALJ has three years of college education. (R. 61). She also worked as an emergency room clerk, registering patients. (R. 62). The vocational expert classified this job as a general office clerk which the vocational expert said involved writing, spelling, computational and speaking skills. "[T]he most basic level of organizational skills . . . " (R. 93-94). The vocational expert identified several jobs to which Patterson's skills would directly transfer. (R. 94-95). It is ludicrous to argue that Patterson's three years of college in conjunction with the jobs she held did not give her skills to work as a telemarketer, a clerical sorter or a telephone answering service operator.

**D. Substitution of the ALJ's Opinion for the Vocational Expert's Opinion.[1]**

During the hearing, the vocational expert testified that skills Patterson gained from her work in the medical field were "not immediately readily" transferable. (R. 92). Because of this, Patterson contends that the ALJ's

---

[1] The plaintiff claims that the ALJ erred when discussing the exertional level of the plaintiff's past relevant work. "The VE was attempting to classify whether the past relevant work was performed at medium pursuant to the DOT or was performed at light. (R. 87). When the VE wanted to ask the Plaintiff for additional information that would allow the VE to classify the job correctly, the ALJ summarily rejected the VE's request to question the Plaintiff. (R. 87)." (Doc. # 12 at 9-10). If this was error, it was harmless. The ALJ found that the plaintiff was restricted to sedentary work so the exertional level of the plaintiff's prior work is irrelevant.

conclusion that she had transferable skills was erroneous. The ALJ's conclusion was related to medical field skills. As for clerical skills, here is what the ALJ said:

> Based on the testimony of the vocational expert, the undersigned concludes that the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. The vocational expert testified the claimant's previous work is so similar to the jobs recited above that the claimant would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.
>
> However, the undersigned does note that in response to additional questioning from the representative, the vocational expert appears to have adopted a position of equivalence in his responses. The undersigned does not believe that a person (particularly one with the claimant's overall vocational profile) with skills developed as general office clerk in a medical setting would experience more than "*very little*" vocational adjustment in terms of tools, work processes, work setting, or industry, in assuming the role of a telemarketer, sorter, clerical, or telephone answering service operator. By way of clear example, the undersigned notes that the claimant has extensive and noteworthy experience in the medical field. It is nonsensical to suggest that the skills she developed as a general office clerk, medical forum, would preclude her from immediately, if not instantly, assuming the duties of a sorter, clerical or telephone answering service operator working in a medical forum. Therefore, based on the totality of the evidence as well as the vocational expert's initial testimony regarding the availability of such positions, the undersigned finds unequivocally that the claimant is cable of performing said jobs.

(R. 43).

The ALJ is correct that the vocational expert's responses about transferability of Patterson's clerical skills was equivocal. In this regard, the ALJ is responsible for determining whether a claimant is able to perform work that

11

exists in the national economy. See 20 C.F.R. §§ 404.1520(a)(4). Patterson is over age 55. Thus, her skills are transferable to sedentary work only if the work is so similar to her previous work that she would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. 20 C.F.R. § 404.1568.

Patterson testified that she didn't think she could do the job of clerical sorter because of her nerves, not because she lacked applicable skills. (R. 98). Then, Patterson said that she didn't know if she could do the computer work anymore. "Because I forget and then I -- sometimes I may not enter correctly or you know, somebody has to show or tell me something several times." (*Id.*). The importance of this testimony is that it shows she possesses clerical skills involving a computer, a skill which unquestionably is applicable to the jobs the ALJ identified. The ALJ's conclusion about transferability of Patterson's skills is supported by substantial evidence.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court

reviews the record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is due to be affirmed.

A separate order will be entered.

Done this 12th day of September, 2017.

                                        /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE